UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>JIA HE CORPORATION,<br><br>    Defendant. | Case No. 21-cv-04702-JCS<br><br>**ORDER DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION AND GRANTING REQUEST TO DISMISS WITHOUT PREJUDICE**<br><br>Re: Dkt. Nos. 31, 33 |

The Court ordered Plaintiff Scott Johnson to show cause why the Court should not decline to exercise supplemental jurisdiction over his claim under California's Unruh Act for the reasons stated in *Garcia v. Maciel*, No. 21-cv-03743-JCS, 2022 WL 395316 (N.D. Cal. Feb. 9, 2022), which in turn relied on the Ninth Circuit's decision in *Arroyo v. Rosas*, 19 F.4th 1202 (9th Cir. 2021). *See* Order to Show Cause ("OSC," dkt. 31) (text-only docket entry). Johnson concedes that there is nothing novel about this case that would alter the Court's previous reasoning in *Garcia*. Pl.'s OSC Response (dkt. 33). The Court therefore declines to exercise supplemental jurisdiction and DISMISSES Johnson's Unruh Act claim without prejudice to refiling in state Court.

Johnson also asks that the Court dismiss his federal claim under the Americans with Disabilities Act without prejudice to refiling in state court. *Id.* Defendant Jia He Corporation asks the Court to construe Johnson's request as a motion to dismiss under Rule 41(a)(2) of the Federal Rules of Civil Procedure, and to either deny that motion and conduct jurisdictional discovery to resolve whether Johnson has standing to sue in this Court, or dismiss with prejudice and require Johnson to reimburse Jia He's attorneys' fees. Def.'s OSC Response (dkt. 34).

Johnson filed this case before the Ninth Circuit provided relevant guidance as to

supplemental jurisdiction with its decision in *Arroyo*. Jia He has made no showing that Johnson lacks standing or that the case was otherwise frivolous when filed. In the period of more than a year that this case has been pending, Jia He has made no previous effort to challenge Johnson's standing. Instead, Jia He answered the complaint without moving to dismiss. Conducting jurisdictional discovery now, to determine whether Johnson has standing to pursue his claim in a forum where he no longer wishes to do so, would be a waste of resources. Accordingly, construing Johnson's request for dismissal of his ADA claim without prejudice as a motion under Rule 41(a)(2), that motion is GRANTED, and the ADA claim is DISMISSED without prejudice to refiling in state court. Jia He's request for attorneys' fees is DENIED. This order is without prejudice to any defense or argument Jia He might raise in state court.

The Clerk is instructed to close the case.[1]

**IT IS SO ORDERED.**

Dated: August 9, 2022

_____
JOSEPH C. SPERO
Chief Magistrate Judge

---

[1] The parties consented to the jurisdiction of a magistrate judge for all purposes under 28 U.S.C. § 636(c).